## HARRY MURPHY v. STATE.

No. A-7041. Opinion Filed March 29, 1930.
Rehearing Denied April 26, 1930.
(286 Pac. 909.)

 

Dan Huett, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter for convenience will be referred to as the defendant, was by information charged with the possession of intoxicating liquors with the unlawful and felonious intent to sell, barter, give away, and otherwise furnish the same to others, contrary to the prohibition laws (section 6999, Comp. St. Supp. 1926) of the state of Oklahoma, the charge being for the third offense; the defendant, having been previously fined on two violations of the prohibitory laws of the state, was tried and convicted by a jury, and the punishment left to the court. The court imposed a sentence of two years and six months in the penitentiary and a fine of $500. Motion for new trial was filed, considered, and overruled, and exceptions saved, and the defendant has appealed to this court. Before the case was called for trial, the defendant filed his motion to suppress the testimony

of the state's witnesses C. E. Baker, Ora Lincoln, Pete Flannegan, and Ray Van Buskirk, on the following grounds:

"Because the facts and circumstances about which each of the witnesses named will testify to were obtained under an unlawful search in the nighttime of the private car of the defendant, without a search warrant for said car, and without a warrant for the arrest of the defendant, or any other legal authority to search said car in violation of the constitutional rights of the defendant."

Testimony was heard by the court on the motion of the defendant to suppress the testimony of the witnesses, at the conclusion of which the court overruled the defendant's motion, and defendant duly excepted. Defendant demurred to the information, which demurrer was overruled, and defendant excepted.

The jury was impaneled, and the state introduced testimony of the conviction of the defendant prior to the calling of this case for trial. The state then called C. E. Baker, sheriff of Garfield county, who testified, in substance:

"I have known the defendant ten or twelve years; I saw the defendant on the 24th day of April, 1927, about fifty or sixty yards east of Sixteenth street on Willow street, with his car headed east; Ora Lincoln and Flannegan were with me; when I saw the defendant, he was sitting in his Cadallic car; there were other cars I was looking after, and when in about ten or twelve feet, and in front of the car, I throwed my flash light on the car and noticed Harry Murphy and his wife in the car, and a man got out on the south side of the car; I walked up closer, and noticed one of the back doors of the car was open a little ways and I could look in with my flash light; I saw a cardboard box setting in the car filled with fruit jars."

Witness further testified he had his pistol in one hand and his flash light in the other; he got in the car and drove

down to the sheriff's office, where he took two boxes out of the car in which were several jars of whisky. The state's witness admitted he did not have any warrant for the arrest of the defendant or to search his car, but claimed when he approached defendant's car he smelled whisky and saw fruit jars sitting in a pasteboard box.

The defendant assigns several errors—one being the court erred in overruling his motion for a new trial; second, the court erred in overruling his motion in arrest of judgment filed in the case; and, third, the court erred in overruling the motion of the defendant to suppress the evidence obtained in the search of defendant's car without a search warrant.

The testimony of the witness for the state shows that the witness smelled whisky, and saw the fruit jars containing the whisky sitting in the defendant's car. Ora Lincoln, who had gone up town with the witness Baker, had stopped at defendant's car before Baker approached, and was talking to the defendant, testified that neither of the car doors were open, and that he saw Baker flash his light in the car, that the boxes in the defendant's car were tied with cords, and that, after they were taken to the sheriff's office, the witness Baker took his knife and cut the cords to find out what was in the boxes.

The testimony is in conflict, and the jury by its verdict decided the question in favor of the state, and found the defendant guilty, and left his punishment to the court. The court did not err in overruling the motion for a new trial and motion to suppress the evidence. The record examined, and evidence held sufficient to sustain the verdict.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.